UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CINDY ENGLISH,                                    )
      *Plaintiff*,                           )
                                         )
      *vs.*                              )          1:12-cv-00765-JMS-DKL
                                         )
GENERAL ELECTRIC COMPANY,                          )
      *Defendant.*                          )

## **ORDER**

Presently pending before the Court is Defendant General Electric Company's ("GE") Motion in Limine. [Filing No. 80.] GE seeks to exclude from trial a memorandum written by an Equal Employment Opportunity Commission ("EEOC") investigator. [Filing No. 80-1.] The memorandum was written following the investigator's on-site investigation at the GE Refrigeration plant in which Plaintiff Cindy English is employed, and it contains, among other things, summaries of two interviews conducted by the investigator. [Filing No. 80-1.] The interviews were of two GE employees who took part in the accommodation process for Ms. English, and they were conducted under oath and with GE's counsel Bobby Simpson present. [Filing No. 80-1 at 4-6.] GE contends that the memorandum should be excluded from trial because (1) it is inadmissible hearsay that does not fall within the public records exception, and (2) it should be excluded under Rule 403. [Filing No. 80 at 2-9.] For the reasons that follow, GE's Motion in Limine is **DENIED**.

The public records hearsay exception provides that public records are not excluded by the hearsay rule if "(A) it sets out . . . (iii) in a civil case . . . , factual findings from a legally authorized investigation; and (B) neither the source of information nor other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8). The Seventh Circuit has made clear that "[a]s a

general proposition, administrative findings regarding claims of discrimination may be admitted under Rule 803(8)[(A)(iii)]." *Young v. James Green Mgmt., Inc.*, 327 F.3d 616, 624 (7th Cir. 2003). And this is true not only of the EEOC's ultimate determination, but also matters—such as the memorandum at issue here—from the EEOC's investigative file. *See id.*; *see also Tulloss v. Near N. Montessori Sch., Inc.*, 776 F.2d 150, 153-54 (7th Cir. 1985) (treating documents from the EEOC's investigative file as subject to the public records hearsay exception). Based on these authorities, GE is incorrect in arguing that the memorandum does not constitute "factual findings" under Rule 803(8)(A)(iii). [Filing No. 80 at 6-7.] The Seventh Circuit has never found this a barrier to EEOC investigative filings falling within the public records exception, and the Supreme Court has held that the phrase "factual findings" in Rule 803(8) should be broadly construed. *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 162 (1988) (agreeing with the "broader interpretation" of "factual findings" and holding that "factually based conclusions or opinions are not on that account excluded from the scope of Rule 803(8)(C)").

The Court also rejects GE's contention that the memorandum does not fall within the public records exception because it is lacks trustworthiness. [Filing No. 80 at 7-8.] GE argues that the source of several of the investigator's findings goes unstated in the memorandum, that the investigator will not testify at trial, and that the investigator only interviewed two of the seven accommodation committee members. [Filing No. 80 at 7-8.] Merely because each fact is not sourced in the memorandum or more interviews could have been conducted does not make the facts in the memorandum inherently untrustworthy, and GE could call the investigator at trial if it wished to question him. Moreover, GE's counsel was present during the entire investigation.

[Filing No. 80-1 at 2.]  In short, none of GE's concerns make the memorandum lack trustworthiness; at most, they go to the weight, not the admissibility, of the evidence.[1]

Finally, the Court concludes that the memorandum should not be excluded pursuant to Rule 403, which provides for the exclusion of evidence if its probative value is "substantially outweighed" by, among other things, the danger of unfair prejudice, confusion of the issues, or misleading the jury.  Fed. R. Evid. 403.  The Court agrees with Ms. English that the memorandum is of significant probative value, as it contains evidence regarding another GE employee who received an accommodation similar to the one Ms. English sought (the use of a step-stool), and other evidence regarding GE's accommodation process with Ms. English.  [Filing No. 80-1.] There is little in the memorandum that is *unfairly* prejudicial or will confuse or mislead the jury. Defendants focus on the fact that the two GE employees interviewed as part of the investigation will testify at trial, which undercuts the probative value of the memorandum.  [Filing No. 80 at 3.]  But if they testify consistently with the memorandum, then Defendants will not be unfairly prejudiced at all.  If they testify inconsistently with the memorandum, Plaintiffs are correct that "[s]hifting reasons for a given employment action and a party's conduct with regards to the interactive process are both relevant evidence . . . from which a jury can infer disability discrimination," making the probative value of the memorandum even greater.  [Filing No. 81 at 4.]  Accordingly, the memorandum should not be excluded under Rule 403.

For the reasons explained, GE's Motion in Limine is **DENIED**.  [Filing No. 80.]

---

[1] GE had previously argued that its employees statements in the memorandum were inadmissible hearsay, however, the Court finds those statements are excluded from the definition of hearsay as admissions of a party pursuant to FRE 801(d)(2)(D).

06/12/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**<u>Distribution via ECF to all counsel of record</u>**